IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID V. MARTINEZ, JR.,

    Plaintiff,

    v.                                      No. CIV 15-CV-00786-WJ-KBM

FNU ALVA, *Las Cruces Police Officer,
No. 814*, FNU MCBEE, *Las Cruces Police
Officer, No. 862*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Prisoner's Civil Rights Complaint [Doc. 1], filed on September 4, 2015.  Plaintiff was incarcerated at the time of filing, appears pro se, and is proceeding in forma pauperis.  For the reasons set out below, Plaintiff's Eighth Amendment claims will be dismissed, Plaintiff's Fifth Amendment claims will be construed as part of his Fourteenth Amendment claims, and the Court will order notice and waiver of service forms sent to Defendants Alva and McBee on Plaintiff's Fourth and Fourteenth Amendment claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was a passenger in his wife's motor vehicle on the evening of April 14, 2015, when the vehicle was pulled over by Defendants Alva and McBee, police officers employed by the Las Cruces Police Department. [Doc. 1 at 7] After the traffic stop, Plaintiff was arrested by Defendants and charged with driving under the influence, driving on a suspended license, and leaving the scene of an accident in connection with a hit and run accident that had occurred earlier that day. [*Id.*] The complaint alleges that Defendants Alva and McBee falsely arrested Plaintiff without probable cause, falsified documents, and lied in their reports in violation of Plaintiff's rights under the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution and Article II, sections 13 and 18 of the New Mexico Constitution. [Doc. 1 at 2] The complaint seeks $500,000.00 in monetary damages. [Doc. 1 at 5]

On October 2, 2015, Plaintiff submitted various documents in support of his civil rights complaint, including a police report, a letter from his insurer stating that their investigation revealed that Plaintiff was not responsible for the hit and run accident on April 14, 2015, and pictures of his wife's motor vehicle to support his contention that the car had no visible signs of damage. [Doc. 6] On February 16, 2016, in response to an Order to Show Cause regarding Plaintiff's mailing address,[1] Plaintiff informed the Court that he was no longer incarcerated, because following a trial on February 9, 2016, "he was found not guilty, and all charges [were] dropped and dismissed." [Doc. 16] The Court liberally will construe Plaintiff's October 2, 2015

---

[1] The Order to Show Cause was quashed on February 22, 2016. [Doc. 17]

2

and February 16, 2016 filings [Docs. 6, 16] as an amendment to Plaintiff's civil rights complaint pursuant to Fed. R. Civ. P. 15(a). *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . ."). Because these documents appear to supplement, rather than supplant, the claims raised in Plaintiff's civil rights complaint, the Court will construe the three documents collectively as the operative complaint.

Plaintiff's amended complaint fails to state a claim for a violation of the Eighth Amendment, because "[t]he Eighth Amendment's proscription against cruel and unusual punishment is only applicable following a determination of guilt after a trial or plea." *Weimer v. Schraeder*, 952 F.2d 336, 340 n.5 (10th Cir. 1991) (internal quotation marks and citation omitted). Although the due process clause of the Fourteenth Amendment protects pretrial detainees from unconstitutional conditions of confinement to the same extent as the Eighth Amendment, Plaintiff's complaint does not allege that Plaintiff suffered unconstitutional conditions of confinement during his pre-trial incarceration. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("[T]he State does not acquire the power to punish with which the Eight Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment") (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-672 n.10 (1977)); *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) ("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment."). Accordingly, Plaintiff's Eighth Amendment claims will be dismissed.

With respect to Plaintiff's Fifth Amendment claims, the Court notes that the Fifth Amendment protection against the deprivation of "life, liberty, or property, without due process of law" is not applicable to the states. *See Sawyer v. Burke*, 504 F. App'x 671, 673 (10th Cir. 2012)

(noting that the plaintiff had "only alleged constitutional violations committed by agents of the State of Kansas, not the federal government. Therefore, the Due Process Clause of the Fifth Amendment is not implicated.") (unpublished). However, the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Therefore, the Court liberally will construe Plaintiff's Fifth Amendment claims as part of his Fourteenth Amendment claims. *See Sawyer*, 504 F. App'x at 673-74 (construing the plaintiff's Fifth and Fourteenth Amendment claims "to be one in the same"); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed).

The Tenth Circuit Court of Appeals has held that "a plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims." *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

> The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause. *Pierce v. Gilchrist*, 359 F.3d 1279, 185-86 (10th Cir. 2004). If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution. These torts are only analogies because § 1983 suits ultimately rest on the Constitution, not on state (or federal) common law.

*Mondragon*, 519 F.3d at 1082. Plaintiff's amended complaint [Docs. 1, 6, 16] appears to challenge both the initial seizure of Plaintiff without legal process, as well as the pre-trial detention of Plaintiff due to the allegedly false statements made by Defendants Alva and McBee. Therefore, the Court liberally will construe Plaintiff's amended complaint as raising claims under

both the Fourth and Fourteenth Amendments of the United States Constitution.[2]  Because Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Alva and McBee survive initial review under § 1915(e) and rule 12(b)(6), the Court will direct the Clerk of the Court to issue notice and waiver of service forms to the Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Eighth Amendment claims is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, along with a copy of the amended complaint [Docs. 1, 6, 16], for Defendants Alva and McBee at the Las Cruces Police Department, 217 E. Picacho Ave., Las Cruces, N.M. 88001.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Although the Fourth Amendment is applicable to the states via the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643 (1961), the Court will refer to Plaintiff's claims as Fourth Amendment claims to reduce confusion.  See *Mondragón*, 519 F.3d at 1082, n.3.